THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIA WILLIAMS-BELL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 18-cv-5386 ) |
| v. | ) ) |
| BRITISH STANDARDS INSTITUTION, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Maria Williams-Bell ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, against Defendant British Standards Institution ("Defendant" or "BSI Group"), and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendant's systematic, companywide wrongful classification of Plaintiff and other similarly situated Client Managers, or other similarly titled positions (collectively, "CMs"), as exempt from the overtime compensation requirements of the FLSA.

2. This action seeks to remedy Defendant's illegal practices, whereby Defendant deliberately and uniformly deprived Plaintiff and similarly-situated CMs of earned overtime wages in violation of the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

4. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7. Plaintiff Maria Williams-Bell is an adult citizen and former resident of Illinois who worked for Defendant as a full-time salaried CM from approximately September 5, 2017 until approximately February 25, 2018.

8. During the relevant time period, Maria Williams-Bell was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL, 820 ILCS 105/3(d).

9. At all relevant times, Defendant has been incorporated in Delaware and has had its principal place of business located at 12950 Worldgate Drive, Suite 800, Herndon, Virginia.

10. At all relevant times, Defendant was an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS 105/3(c).

11. Defendant is covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C.

§ 203(s)(1)(A). Defendant has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL ALLEGATIONS

12.     Plaintiff Maria Williams-Bell and the similarly-situated CMs she seeks to represent all share similar, if not identical, job descriptions, job requirements, and compensation plans, among other things. CMs' primary duties include traveling to Defendant's clients' locations and conducting on-site audits for them.

13.     Auditors for BSI are required to follow BSI policies, adhere to a company-provided code of ethics, and must follow BSI's auditing processes. CMs have their travel scheduled for them, and they travel to client sites in order to complete audits. In addition, CMs must complete BSI forms and reports both before and after the audit takes place.

14.     As a CM, Plaintiff did not have any administrative responsibilities, did not have any authority to supervise other employees, and did not have authority to hire or fire Defendant's employees. Plaintiff's and other similarly situated CMs' sole duties were to apply well-established techniques and procedures, described in manuals provided by Defendant, to report whether the client had met certain standards.

15.     Plaintiff and other similarly situated CMs were nonetheless classified as exempt from earning overtime wages the entire time that she was employed by Defendant.

16.     Auditing clients, Plaintiff's main duty, is a critical aspect of Defendant's operations; one of Defendant's primary business activities is providing audit services to its clients. Without Plaintiff's services, Defendant would have virtually nothing to provide its auditing clients. Plaintiff and similarly-situated CMs provide one of the most important services Defendant offers its clients.

17.     Because Plaintiff and other CMs were classified improperly as exempt, Defendant failed

to pay them overtime wages, despite regularly working well in excess of forty (40) hours in given workweeks.

18. In fact, Defendant directed CMs to work, and they regularly did work, in excess of forty (40) hours in given workweeks, but CMs were not compensated at one and one-half times their regular rate for overtime wages earned. Defendant thus suffered and permitted CMs to work more than forty (40) hours per week without overtime pay.

19. Defendant did not keep accurate time records for Plaintiff and other similarly-situated CMs.

20. The conduct alleged above reduced Defendant's labor and payroll costs.

21. CMs were uniformly subject to Defendant's employment policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and other similarly-situated CMs in accordance with the requirements of the FLSA, Plaintiff and other similarly-situated CMs suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

23. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All persons who worked for British Standards Institution as Client Managers or other similarly titled position during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

24. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked for Defendant as a CM during the relevant period and was routinely required, suffered, or permitted to work more than forty (40) hours per week without overtime compensation.

25. This action is properly maintained as a collective action because the representative Plaintiff is similarly situated to the members of the FLSA Collective with respect to their job titles, job duties, and compensation plan, and are all subject to a common practice, policy, or plan in which Defendant suffered and permitted them to perform work for its benefit in excess of forty (40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

26. Defendant knew or should have known that it had misclassified the members of the FLSA Collective as exempt.

27. Defendant knew or should have known that the members of the FLSA Collective worked in excess of forty (40) hours in given workweeks.

28. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

29. Defendant is liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

30. Upon information and belief, Plaintiff estimates there are hundreds, if not thousands, of similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

31. The precise number of members of the FLSA Collective can be easily ascertained by using

Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

## IMWL CLASS ALLEGATIONS

32. Representative Plaintiff Maria Williams-Bell brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b). The class is defined as:

> All persons who worked for British Standards Institution as Client Managers or other similarly titled position in the State of Illinois during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "IMWL Class").

33. This action is properly maintainable as a class action because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

    c. The claims or defenses of the representative Plaintiff are typical of the claims or defenses of the class; and,

    d. The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

34. On information and belief, the total number of putative class members represents over 100 individuals. The exact number of class members may be determined from Defendant's records.

### Commonality

35. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a. Whether Defendant misclassified Plaintiff and class members as exempt from the overtime requirements of the FLSA and IMWL;

6

    b. Whether Defendant failed to keep true and accurate time records for all hours worked by the Plaintiff and class members;

    c. Whether Defendant failed to compensate the Plaintiff and class members for all the work it required, encouraged, or permitted class members to perform;

    d. Whether Defendant failed to compensate the Plaintiff and class members for all work performed in excess of 40 hours per work week with overtime premium wages; and,

    e. Whether the Defendant willfully failed to comply with state wage and hour laws.

36. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

### Adequacy

37. The Representative Plaintiff will fairly and adequately protect the interests of the class. She has retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

### Typicality

38. The claims asserted by the Representative Plaintiff are typical of the class members she seeks to represent. The Representative Plaintiff has the same interest and suffers from the same injuries as the class members.

39. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" pursuant to Rule 23.

### Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

40. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendant's alleged underlying activities and impact of their policies and practices affected class members in the same manner: they were

improperly classified as independent contractors and subjected to a policy of suffering overtime work without pay.

41. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

43. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

44. Plaintiff and the members of the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

45. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

8

46. Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of forty (40) hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

47. Plaintiff and members of the FLSA Collective are not subject to any exemption.

48. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

49. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. Defendant failed to create or maintain accurate records of the time Plaintiff and the members of the FLSA Collective worked in violation of the FLSA, 29 U.S.C. § 211(c).

51. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of forty (40) hours per week from which Defendant derived a direct and substantial benefit.

52. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **COUNT II**

### **VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

53. Plaintiff incorporates by reference all preceding paragraphs.

54. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

55. Defendant is an "employer" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

56. The IMWL, 820 ILCS 105/1, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. The IMWL requires that overtime be calculated by the employer on a "workweek" basis, meaning employees are entitled to an overtime premium of 1½ times their regular rate of pay for all time worked in excess of forty (40) hours in any given workweek. *Id.*

57. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

58. Defendant violated IMWL, 820 ILCS 105/1, *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff and class members for the actual overtime they worked each week.

59. Defendant violated IMWL, 820 ILCS 105/1, *et seq.*, by failing to maintain accurate records of all hours worked by Plaintiff and class members.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

61. Plaintiff and class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of these statutory provisions and other appropriate class-wide injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Maria Williams-Bell, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

A. Certify a collective action under the FLSA and designate Plaintiff as representative of all those employees similarly situated;

B. Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses, and current (or best known) home addresses of all members of the proposed FLSA Collective;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

D. Certify a class for Counts I and II of all individuals who have been employed by the Defendant, its subsidiaries, or affiliated companies, as CMs during the relevant statute of limitations period;

E. Declare and find that Defendant committed one or more of the following acts:

　　i. Violated the overtime provisions of the FLSA by misclassifying Plaintiff and similarly situated employees who opt-in to this action as exempt from overtime compensation;

　　ii. Willfully violated provisions of the FLSA; and

　　iii. Violated the IMWL by failing to pay overtime wages to Plaintiff and the class members.

F. Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA;

G. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H. Award pre-judgment interest on all compensatory damages due;

I. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA;

K. Grant leave to amend to add claims under applicable state and federal laws;

L. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 8, 2018                    Respectfully Submitted,

*/s/ Ryan F. Stephan*
Ryan F. Stephan
Haley R. Jenkins
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

*Counsel for Plaintiff and the Putative Collective and Class*

12

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on August 8, 2018, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

                                                                            */s/ Ryan F. Stephan*